UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PIERRE C. MARC,

    Plaintiff,

v.                                             CASE NO. 8:22-cv-2872-SDM-JSS

JUDGE WILLIAM F. JUNG, et al.,

    Defendants.
_____/

**O R D E R**

    Marc's complaint alleges that the defendants violated his civil rights during an ongoing criminal prosecution. Marc neither moved for leave to proceed *in forma pauperis* nor paid the full $400 filing fee. Nevertheless, under either 28 U.S.C. § 1915(e) (if proceeding *in forma pauperis*) or 28 U.S.C. § 1915A (if the full filing fee is paid), the Prisoner Litigation Reform Act ("PLRA") requires a district court both to review the complaint and to dismiss the complaint if frivolous or malicious or for failing to state a claim upon "which relief may be granted." Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard.

    Marc's civil rights complaint is not written on the form required for use by a *pro se* prisoner. Nevertheless, Marc fails to state a claim that he can pursue in a civil rights action. Marc alleges that United States District Judge William F. Jung, United States Magistrate Judge Amanda A. Sansone, and United States Attorney General Merritt B.

Garland have conspired to keep him imprisoned under a criminal judgment that is based on an unlawful guilty plea. Marc requests both an "Order for Declaratory and Preliminary and Permanent Injunctive relief to enjoin Defendants from denying Plaintiff the right to Due Process" and "an order for immediate release." (Doc. 1 at 2–3)

Marc cannot use an action under Section 1983 to challenge the validity of his criminal conviction, as *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (*quoting Hill v. McDonough*, 547 U.S. 573, 579 (2006)), explains:

> The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence. When an inmate challenges the "circumstances of his confinement" but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983. However, when an inmate raises any challenge to the "lawfulness of confinement or [the] particulars affecting its duration," his claim falls solely within "the province of habeas corpus" under § 2254. Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action.

Federal courts have "an obligation to look behind the label of a [pleading] filed by a *pro se* inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework." *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (quotation marks and citation omitted). *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (citations omitted), instructs that the purpose for looking beyond the label a *pro se* litigant attaches to a pleading is "to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* [pleading]'s claim and its underlying legal basis."

Marc's remedy lies not in a civil rights action but in either a motion in the criminal action or a motion under 28 U.S.C. § 2255 to vacate sentence. According to the docket for the criminal action (21-cr-71-WFJ-AAS), the district court initially denied Marc's motions challenging his guilty plea but has subsequently set a hearing on the latest motion, appointed Marc counsel for the hearing, and ordered both Marc's former counsel and prosecutor to appear at the hearing. (Doc. 160) Consequently, the present civil rights action is meritless.

As shown above, Marc fails to state a claim on which relief can be granted. Amendment of the action would prove futile because Marc can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

The civil rights complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim on which relief may be granted. The clerk must enter a judgment of dismissal against Marc and **CLOSE** this case.

ORDERED in Tampa, Florida, on December 28, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE